IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2006 SEP 11 A 11: 46

P. HACKETT
DISTRICT COURT
MIDDLE DISTRICT ALA.

| | | |
|---|---|---|
| TYLER'S, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | |
| TRAVELERS PROPERTY CASUALTY | ) | 3:06 CV 815- |
| COMPANY OF AMERICA, and A through | ) | |
| Z who are fictitious parties to be named at a | ) | |
| later date when their identities become known, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, the Defendant designated as Travelers Property Casualty of America (hereinafter "Travelers") files this Notice of Removal to remove this civil action from the Circuit Court of Lee County, Alabama, wherein it was filed as CV-06-540, to the United States District Court for the Middle District of Alabama, Eastern Division, and shows unto this Honorable Court as follows, to-wit:

I.   RELEVANT PROCEDURAL FACTS:

1.   The Plaintiff, Tyler's Inc., instituted this action in the Circuit Court of Lee County, Alabama, on or about August 10, 2006, against only one named Defendant, Travelers, said case number being CV- 06-540 in said Court. (Plaintiff's Complaint, Exhibit "1") for the purpose of removal, fictitious Defendants A through Z shall be disregarded pursuant to 28 U.S.C. § 1441(a) under these circumstances.

2.   Based on the case action summary sheet of the Circuit Court of Lee County, Alabama,

for this case, CV-06-540, the Defendant designated as Travelers Property Casualty Company of America was served by certified mail on August 14, 2006. (Alacourt's Case Action Summary Sheet, Exhibit "2").

3. The Plaintiff in the Complaint attached hereto as Exhibit "1" has alleged that the Plaintiff is a business entity doing business as Tyler's Restaurant located in Lee County, Alabama.

4. The Defendant, Travelers Property Casualty Company of America is a Connecticut corporation with its principal place of business at One Tower Square, Hartford, Connecticut 06183.

5. This action could have been filed in this Court, pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between Plaintiff and the Defendant, Travelers, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## II. DIVERSITY OF CITIZENSHIP

6. Based upon the Plaintiff's Complaint, the Plaintiff is a business entity doing business as Tyler's Restaurant located in Lee County, Alabama.

7. The Defendant, Travelers, is a foreign corporation with its principal place of business in the State of Connecticut. Pursuant to 28 U.S.C. §1332(c)(1), Travelers is a citizen of the State of Connecticut. As a result, Travelers is not now, and was not at the time of the filing of the Complaint, a resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of cases.

8. Based on the foregoing, this action could have been filed in this Court pursuant to 28 U.S.C. §1332 in that there is a complete diversity of citizenship between the Plaintiff and the Defendant, Travelers.

III.  **AMOUNT IN CONTROVERSY:**

9. Plaintiff's complaint alleges a variety of claims and seeks both compensatory and punitive damages.

10. In Count I of the Plaintiff's Complaint, Breach of Insurance Contract, the Plaintiff alleges that one of its employees, Ms. Jerri M. Floyd, had "stolen/embezzled significant amounts from the Plaintiff in excess of $120,000.00." The Plaintiff further alleges in Count I that the Defendant was given notice of said loss under a policy of insurance and a "claim for benefits" thereunder was made.

11. In Count II of the Plaintiff's Complaint, Bad Faith Denial Insurance Claim, the Plaintiff has alleged that the Defendant has intentionally refused to pay the Plaintiff's claim under the policy without lawful justification and that based on the bad faith conduct of the Defendant, the Plaintiff is entitled to punitive damages.

12. In Count III of the Plaintiff's Complaint, Fraud/Misrepresentation, the Plaintiff alleges that the Defendant made certain false representations to the Plaintiff that constitute fraud and, as such, the loss caused by employee theft in excess of $120,000.00, was not covered by insurance. The Plaintiff also seeks punitive damages due to the conduct of the Defendant as alleged in Count III.

13. In Count IV of the Plaintiff's Complaint, Conversion, the Plaintiff further alleges that the Defendant converted the Plaintiff's property, that being insurance premiums, as deception and, by such, claims punitive damages of the Defendant.

14. The Plaintiff has in each count of the Complaint, attempted to limit the demand for judgment against the Defendant to $74,999.00.

15. In order to meet the $75,000.00 jurisdictional threshold, even in a case with an unspecified claim for damages, if "the amount in controversy more likely than not exceeds the [now $75,000] jurisdictional requirement" the threshold will be met. *Tapscott*, 77 F.3d at 1357; *Kilpatrick v. Martin K. Eby Construction Co., Inc.*, 708 F. Supp. 1241, 1242-43 (N.D. Ala. 1989) (holding that the "amount in controversy requirement has been met" even though "the State Court complaint does not demand judgment of a specified dollar amount"). In this case, Defendant can remove to federal court if it can show, by a preponderance of the evidence, facts supporting jurisdiction. *Tapscott*, 77 F.3d at 1356-57. A lower burden of proof is warranted where damages are unspecified because there is simply no estimate of damages to which a court may defer. *Id.* In the instant case, the Plaintiff has specifically identified that the Plaintiff's "loss" is in excess of $120,000.00 but seeks to limit the demand for judgment solely in order to avoid this Court's jurisdiction.

16. Prospective punitive damages must also be considered in any calculation of the amount in controversy. *See Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such cannot be recovered.") (citations omitted); *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) (claims for compensatory and punitive damages should be aggregated to determine jurisdictional amount in controversy). Further, "it is clear that in Alabama, when a plaintiff seeks recovery for fraud against an insurance company and asks for punitive damages, the recovery, if the plaintiff prevails, may very well exceed [the jurisdictional amount]." *Bolling v. Union Nat'l Life Ins. Co.*, 900 F. Supp. 400, 405 (M.D. Ala. 1995); *Davis v. Franklin Life Ins. Co.*, 71 F. Supp. 2d 1197, 1200 (M.D. Ala. 1999);

*accord, Lindsey v. Franklin Life Ins. Co.*, Civil Action No. 99-A-1028-N (M.D. Ala. 1999); *McDuffie v. Franklin Life Insurance* Co., Civil Action No. 99-D-1023-N at 14-15 (M.D. Ala. March 6, 2000); *Wilder v. Franklin Life Insurance Co.*, Civil Action No. 99-D-1037-E at 15-16 (M.D. Ala. March 27, 2000); *Goree v. Franklin Life Insurance Co.*, Civil Action No. 99-D-986-N at 16-17 (M.D. Ala. April 24, 2000); *Saunders v. Franklin Life Insurance Co.*, Civil Action No. 99-D-1077-S at 17-18 (M.D. Ala. April 27, 2000); *Smith v. Franklin Life Insurance Co.*, Civil Action No. 99-D-1081-S at 30-32 (M.D. Ala. June 30, 2000); *Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F. Supp. 1213, 1222 (S.D. Ala. 1998) (applying "preponderance of the evidence standard" and finding that amount in controversy requirement was satisfied even though complaint did not specify amount of damages).

17.    In determining whether the jurisdictional level has been met, this Court may also look for guidance to recent decisions rendered in cases on the same type of suit. *Bolling*, 900 F. Supp. at 404. In *Bolling,* the Court held the amount in controversy requirement had been met even where the plaintiff had not specified a damage amount where the defendant presented the court with numerous decisions from the Alabama courts in which the fraud action yielded liability of greater than $75,000, despite the plaintiff having slight out-of-pocket or actual damages. *See generally Jackson v. American Bankers Insurance Co. of Florida*, 976 F. Supp. 1450, 1452 (S.D. Ala. 1997). Attached to this Notice of Removal as Exhibit "3" is a list of recently recorded verdicts in excess of $75,000 against insurance companies for fraud. This list makes clear that it is more likely than not that if plaintiff prevails in this case, the claims for punitive damages alone will exceed the amount in controversy.

18.    Professor George Priest of Yale Law School has conducted an "analysis of Alabama

jury verdicts of punitive damages against out-of-state insurance companies." *Davis v. Franklin Life Ins. Co.*, 71 F. Supp. 2d 1197, 1199 (M.D. Ala. Nov. 2, 1999). In his analysis, Professor Priest "concluded that, even after *BMW v. Gore*, the average punitive damage award affirmed by the Alabama Supreme Court is $874,667." *Id.*; *see also Jackson v. American Bankers Insurance Co. of Florida*, 976 F. Supp. at 1452 (citing similar earlier analysis by Professor Priest).

19.    Finally, and most telling, is the Plaintiff's own Complaint wherein the Plaintiff alleges that the amount of funds "stolen/embezzled" and which would be the basis for the claim against the underlying insurance policy in this case, is in excess of $120,000.00.

20.    For the foregoing reasons, it is more likely than not that the jurisdictional amount for diversity jurisdiction is met in this case.

21.    If any question arises as to the existence of the requisite amount in controversy, then Travelers Property Casualty Company of America requests the opportunity to submit post-removal evidence in accordance with the procedure adopted by the Eleventh Circuit in *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. June 26, 2000). In affirming the denial of plaintiff's motion to remand, the Eleventh Circuit held that the district court properly considered defendant's post-removal evidence including defendant's requests for admission directed to the amount in controversy. The Eleventh Circuit explained that, "[w]e align ourselves with our sister circuits in adopting a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction." *Id.*

## IV.    THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

21.    This Notice of Removal is filed within thirty days of service of the Complaint upon the first served Defendant, and is timely under 28 U.S.C. § 1446(b).

22. The Defendant, Travelers, has sought no similar relief with respect to this matter.

23. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

24. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

25. A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, shall be promptly filed with the Circuit Court Clerk for the Circuit Court of Lee County, Alabama.

26. The allegations of this notice are true and correct, this cause is within the jurisdiction of the United States District Court for the Middle District of Alabama, Eastern Division, and this cause is removable to the United States District Court for the Middle District of Alabama, Eastern Division.

27. If any question arises as to the propriety of the removal of this action, Travelers, requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, Travelers, desiring to remove this case to the United States District Court for the Middle District of Alabama, Eastern Division, being the district and division of said Court for the County in which said action is currently pending, prays that the filing of this Notice of Removal shall effect the removal of said suit to this Court.

_____
Ann McMahan (McM012)
James P. Rea (REA 004)
Attorney for Defendant
Travelers Property Casualty Company of America

OF COUNSEL:

DOMINICK, FLETCHER, YEILDING,
WOOD & LLOYD, P.A.
2121 Highland Avenue South
Birmingham, Alabama 35205
(205) 939-0033

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by placing a copy of the same in the United States mail, first-class postage prepaid and properly addressed as follows:

Ben C. Hand, Esquire
Michael C. Fellows, Esquire
HAND, FELLOWS & ASSOCIATES
114 N 8th Street
Opelika, Alabama 36801

on this the 8TH day of September, 2006.

_____
OF COUNSEL

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | |
|---|---|
| TYLER'S INC., <br> Plaintiffs <br><br> Vs. <br><br> TRAVELERS PROPPERTY CASUALTY COMPANY OF AMERICA, and A through Z who are fictitious parties to be named at a later date when their identities become known, <br> Defendants | ) <br> ) <br> ) <br> ) CV #: 06-540 <br> ) <br> ) <br> ) <br> ) FILED <br> ) AUG 1 0 2006 <br> ) <br> ) IN OFFICE <br> ) CORINNE T. HURST <br> ) CIRCUIT CLERK |

## INITIAL COMPLAINT

### Background Allegations

1) The Plaintiff is a business entity doing business as Tyler's Restaurant located in Lee County.

2) The defendant, Travelers Property Casualty Company of America, is a business organization engaged in the insurance business and issuing policies in Alabama.

3) Defendant, Travelers Property Casualty Company of America, is a business which refused to pay benefits sought by the Plaintiff for Loss Payable that his insurance policy clearly states he is entitled to recover under the policy.

4) Defendants A through Z are those parties as yet unknown who are responsible for the acts, omissions and damages set out herein and who shall be more particularly identified when and if their identity as liable parties becomes known to the Plaintiffs.

5) The use of any form of the word Plaintiff or Defendant herein shall refer to the singular and/or the plural form of the word.

6) Plaintiffs did maintain an insurance policy with the Defendants to provide insurance coverage for Tyler's Restaurant for which Plaintiff was the owner thereof. Said policy covers theft/embezzlement.

7) Plaintiff did suffer loss due to theft/embezzlement for which a claim was made under Defendant's policy.

8) Defendants later denied Plaintiffs claim under the Loss Payable clause under the policy.



## COUNT I
## BREACH OF INSURANCE CONTRACT

1. Plaintiff realleges all other paragraphs as if fully set out herein.

2. On or about the 13th day of April, 2001, the Defendants issued a policy of insurance insuring Plaintiff's restaurant against loss by Loss Payable Provision or other perils. A copy of said policy is attached hereto as Exhibit A.

3. On or about the 21st day of July, 2004, Plaintiff discovered his employee, Ms. Jerri M. Floyd, had stolen/embezzled significant amounts from the Plaintiff in excess of $120,000.00.

4. Plaintiff timely gave Defendants notice of said loss under said policy, and made a claim for benefits thereunder.

5. Defendants have refused to pay said claim or reasonably act on said claim.

WHEREFORE, the Plaintiff demands judgment against Defendant in the sum of Seventy-four Thousand Nine Hundred Ninety-nine and 00/100 ($74,999.00) Dollars.

## COUNT II
## BAD FAITH DENIAL INSURANCE CLAIM

6. Plaintiff realleges all other paragraphs as if fully set out herein.

7. Defendants have intentionally refused to pay the Plaintiff's claim under said policy and denied the same without lawful justification.

8. Defendants' refusal to pay said claim was not based upon any reasonably legitimate, arguable, or debatable reason.

9. Defendants knew or had reason to know there was no legitimate, arguable or debatable reason for denying the claim, and yet they still failed to pay the claim.

10. The Defendants acted in bad faith in refusing to pay said claim.

11. Plaintiff claims punitive damages of the Defendant.

WHEREFORE, the Plaintiff demands judgment against Defendant in the sum of Seventy-four Thousand Nine Hundred Ninety-nine and 00/100 ($74,999.00) Dollars.

## COUNT III
## FRAUD /MISREPRESENTATION

12. Plaintiff realleges all other paragraphs as if fully set out herein.

13. Plaintiff and Defendant negotiated an agreement regarding coverage to be provided to Plaintiff's business and to Plaintiff.

14. At that time, Defendant, represented to Plaintiff that loss due to theft/embezzlement would be reimbursed under the policy coverage.

15. Said representations were false and Defendant knew they were false or were false and Defendant, without knowledge of the true facts, recklessly misrepresented the facts; or were false and were made by Defendant by mistake, but with the intention that Plaintiff should rely on them.

16. Plaintiff believed said representations and relied upon them and acted upon them by purchasing said insurance policy and paying premiums thereon.

17. As a proximate result of said fraud, the Plaintiff was caused to suffer the following injuries and damages: Due to loss caused by employee theft which was to be covered under said insurance policy, Plaintiff suffered serious monetary loss in an amount in excess of $120,000.00.

18. Plaintiff claims punitive damages of the Defendant because of the intentional or gross and reckless nature of the fraud.

WHEREFORE, the Plaintiff demands judgment against Defendant in the sum of Seventy-four Thousand Nine Hundred Ninety-nine and 00/100 ($74,999.00) Dollars.

## COUNT IV
## CONVERSION

1. Plaintiff realleges all other paragraphs as if fully set out herein.

2. During the term of the policy in Lee County, Alabama, the Defendant converted Plaintiff's property under the auspices payments being insurance premiums. However it is now evident that Defendant was merely committing conversion by deception.

3. Plaintiff claims punitive damages of the Defendant because of the Defendant's willful and oppressive conduct.

WHEREFORE, the Plaintiff demands judgment against Defendant in the sum of Seventy-four Thousand Nine Hundred Ninety-nine and 00/100 ($74,999.00) Dollars.

Respectfully submitted, this the 10th day of August, 2006.

_____
Ben C. Hand (HAN035)
Michael C. Fellows (FEL006)
Attorneys for Plaintiff

Hand, Fellows & Associates
114 N 8th St.
Opelika, AL 36801



*alacourt.com's*

*Alabama SJIS Case Detail*

**Settings** | **Parties** | **Case Action Summary** | **Witness List** | **Financial** | **Consolidated CAS**

### Case

| County | 43 | Case Number | CV 2006 000540 00 | JID | | JAW | Trial | B |
|---|---|---|---|---|---|---|---|---|
| Style | TYLER'S INC VS TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA | | | | | | | |
| Code | TBFM | Type | BAD FAITH/FRAUD/MISR | Filed | | 08102006 | Track | |
| Amount | 0007499900 | Status | ACTIVE | Plaintiffs | | 001 | Defendants | 001 |
| DJID | | Court Action | 00000000 | | | | For | |
| Damages-Comp | | Damages-Pun | | Damages-Gen | | | No Damages | |
| Trial Days | | Lien | | | | | | |

### Settings

| Date 1 | | Que 1 | | Time 1 | | Description | |
| Date 2 | | Que 2 | | Time 2 | | Description | |
| Date 3 | | Que 3 | | Time 3 | | Description | |
| Date 4 | | Que 4 | | Time 4 | | Description | |
| Cont Date | | Why | | | | Cont # | |
| RevJmt | | Admin Date | | Why | | | |
| Appeal Date | | CRT | | Case | | 0000 000000 00 | |
| TBNV1 | | TBNV2 | | DSDT | | DTYP | |
| Comment 1 | | | | | | | |
| Comment 2 | | | | | | | |

### Party 1

| Party | C 001 | Name | TYLERS, INC | | | Type | BUSINESS |
|---|---|---|---|---|---|---|---|
| INDX | D TRAVELERS PR | ANAM | | | | JID | JAW |
| SSN | | Address 1 | | | | Sex | |
| DOB | | Address 2 | | | | Race | |
| Country | US | City | AL 00000 0000 | | | Phone | 334 000 0000 |
| Atty 1 | HAND BENNY CHARLES J | Atty 2 | FELLOWS MICHAEL CLAY | Atty 3 | | Atty 4 | |
| Atty 5 | | Atty 6 | | | | | |
| Issued | | Type | | Reissue | | Type | |
| Return | | Type | | Return | | Type | |
| Service | | Type | | Serv On | | By | |
| Answer | | Type | | NS Not | | NA Not | |
| Warrant | | Type | | Arrest | | | |
| CACT | | Date | | For | | Exep | O |
| AMT | | Cost | | Other | | Satisfied | |
| Comment | | | | | | | |

### Party 2

| Party | D 001 | Name | TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA | | | Type | BUSINESS |
|---|---|---|---|---|---|---|---|
| INDX | C TYLERS INC | ANAM | | | | JID | JAW |
| SSN | | Address 1 | CSC LAWYERS, INC | | | Sex | |
| DOB | | Address 2 | 150 S PERRY STREET | | | Race | |
| Country | US | City | MONTGOMERY AL 36104 0000 | | | Phone | 334 000 0000 |
| Atty 1 | | Atty 2 | | Atty 3 | | Atty 4 | |
| Atty 5 | | Atty 6 | | | | | |
| Issued | 08102006 | Type | C CERTIFIED MAI | Reissue | | Type | |
| Return | | Type | | Return | | Type | |
| Service | 08142006 | Type | C CERTIFIED MAI | Serv On | | By | |
| Answer | | Type | | NS Not | | NA Not | |
| Warrant | | Type | | Arrest | | | |

EXHIBIT 8 — PENGAD-Bayonne, N.J.

| CACT | | Date | | For | | Exep | O |
|---|---|---|---|---|---|---|---|
| AMT | | Cost | | Other | | Satisfied | |
| Comment | | | | | | | |

**Case Action Summary**

| Date | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 08112006 | 0902 | FILE | FILED THIS DATE: 08/10/2006 (AV01) | STM |
| 08112006 | 0902 | ASSJ | ASSIGNED TO JUDGE: HON. JACOB A. WALKER III (AV01) | STM |
| 08112006 | 0902 | TDMN | BENCH/NON-JURY TRIAL REQUESTED (AV01) | STM |
| 08112006 | 0902 | STAT | CASE ASSIGNED STATUS OF: ACTIVE (AV01) | STM |
| 08112006 | 0902 | ORIG | ORIGIN: INITIAL FILING (AV01) | STM |
| 08112006 | 0909 | PART | TYLERS, INC ADDED AS C001 (AV02) | STM |
| 08112006 | 0909 | ATTY | LISTED AS ATTORNEY FOR C001: HAND BENNY CHARLES J | STM |
| 08112006 | 0909 | ATTY | LISTED AS ATTORNEY FOR C001: FELLOWS MICHAEL CLAY | STM |
| 08112006 | 0910 | PART | TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA ADD | STM |
| 08112006 | 0910 | SUMM | CERTIFIED MAI ISSUED: 08/10/2006 TO D001 (AV02) | STM |
| 08112006 | 0910 | PARA | S & C FILED AND SENT BY CERTIFIED MAIL FOR SERVICE | STM |
| 08152006 | 1154 | SERC | D001 SERVED CERTIFIED MAIL ON 08/14/2006 | STM |

## Insurance Fraud and Bad Faith Jury Verdicts

- *Gloria Brown v. Acceptance Insurance Company*, February 28, 2000, Circuit Court of Perry County, CV 96-43. Plaintiff alleged breach of contract and bad faith arising out of insurer's failure to defend and indemnify Plaintiff under commercial general liability policy. Total verdict: **$1,470,000.** This verdict was later reduced to $240,000 by the Alabama Supreme Court. *See Acceptance Ins. Co. v. Brown*, 2001 WL 729283 (Ala. 2001).

- *Green, et al. v. ALFA Life Insurance Corporation*, Dec. 14, 2001, Circuit Court of Bullock County, CV-99-183. Plaintiffs alleged that insurance company misrepresented the terms of a life insurance policy. Total verdict **$3,300,000.00.**

- *Wooten v. Horace Mann Insurance Co. et al.*, June 25, 1999, Circuit Court of Perry County, CV-97-117. Plaintiff alleged that insurance company misrepresented the terms of a life insurance policy. Total verdict **$12,355,000.00.**

- *Thomas v. Fireman's Fund American Life Ins. Co., et al.*, May 10, 1999, Circuit Court of Jefferson County, CV-95-7797. Plaintiff alleged misrepresentations regarding the replacement of existing policies and the accumulation of value in the insurance/retirement product that he purchased. Total verdict **$3,220,000.00.**

- *Parker v. Life Insurance Company of Georgia, et al.*, November 20, 1998, Circuit Court of Macon County, CV-94-127. Plaintiff alleged intentional misrepresentation and fraudulent suppression of material facts in the sale of life insurance policy. Total verdict **$ 204,000.00.**

- *Taylor v. Safeway Insurance Co.*, July, 1998, Circuit Court of Jefferson County, Alabama, CV-97-3120. Plaintiff alleged bad faith and that insurance company had failed to provide adequate information as to the status of the insurance policy. Total Verdict **$ 342,500.00.**

- *Hare v. Mutual Savings Life Insurance Company*, November, 1997, Circuit Court of Walker County, CV-94-529. Plaintiff alleged fraud in the sale of an insurance policy. Total verdict **$3,500,000.00.**

- *Crocker v. Union Security Life Insurance Company*, August 15, 1997, Circuit Court of Choctaw

1


EXHIBIT 3

County, CV-92-064. Plaintiff alleged fraud against credit life insurance company in the sale of life insurance policy. Total verdict **$5,000,000.00**. Remitted to **$2,000,000.00** and affirmed.

- 

*Nilsen v. Nationwide Insurance Company*, July, 1997, Circuit Court of Calhoun County, Alabama, CV-95-176. Plaintiff alleged bad faith in insurance company's failure to honor the insurance contract. Total Verdict: **$481,112.00.**

- 

*Slade v. State Farm Fire & Casualty Company*, February, 1997, Circuit Court of Montgomery County, CV95-458. Plaintiff alleged insurance fraud and bad faith in denial of payment. Total verdict **$970,350.00**.

- 

*Dixon v. The Mutual Life Insurance Co. of New York*, November 1996, Circuit Court of Barbour County, Alabama, CV-95-0141. In consolidated vanishing premium case, plaintiffs alleged fraud and misrepresentation. Settlement Amount **$12,500,000.00.**

- 

*Allums v. Foremost Insurance Company*, August, 1996, Circuit Court of Bullock County, CV-95-43-WHR. Plaintiff alleged agent and insurer sold unnecessary insurance to justify higher rates. Total verdict **$7,000,000.00**.

- 

*McQuiston v. Liberty National Life Ins. Co.*, June, 1996, Circuit Court of Chambers County, CV-94-234 Plaintiff alleged that agent changed applicant's prior medical history on application for life insurance and forged applicants name on altered applications. Total verdict **$17,530,000.00**.

- 

*Barnes v. American General Life Assurance Co.*, April, 1996, Circuit Court of Mobile County, CV-94-3571-RLB. Agent allegedly collected insurance premiums but allowed disabled insured's life insurance policy to lapse and forged documents to replace the policy. Total verdict amount **$35,000,000.00**.

- 

*Strickland v. Liberty National*, April, 1996, Circuit Court of Mobile County, CV-1399-EBM. Agent allegedly induced insured to switch life insurance policies to collect new sales commission. Total verdict **$5,000,000.00**.

-

*Corner, et al v. Foremost Insurance Co., et al.*, February, 1996, Circuit Court of Lowndes County, CV-94-127-HEM. Agent and insurer allegedly sold plaintiffs unnecessary insurance to justify higher rates. Total verdict **$3,276,000.00**.

- 

*Green, et al v. Life of Georgia*, February, 1996, Circuit Court of Baldwin County, CV-94-476-PB. Agent allegedly sold life insurance policies to five plaintiffs representing that it was a retirement fund. Total verdict **$1,000,000.00**.

- 

*Parker v. Life Insurance of Georgia et al.*, February, 1996, Circuit Court of Macon County, CV-94-127-JH. Agent allegedly did not explain "graded death benefit" of life insurance policy. Total verdict **$200,000.00**.

- 

*Key v. Prudential Insurance Co., et al.*, August, 1995, Circuit Court of Marshall County, CV 93-479, Plaintiff sued his insurance company for fraud based on representation that no additional premiums would be due. Total verdict **$25,000,000.00**.

- 

*Allen v. Liberty National Life Insurance Company*, August, 1995, Circuit Court of Jefferson County, CV 94-3634, Plaintiff sued his insurance company for bad faith. Jury returned a verdict against the insurance company for **$5,400,000.00** in punitive damages reduced to **$2,700,000.00** by that court.

- 

*American Pioneer Life Insurance Company v. Williamson*, 1995 WL 372051 (Ala.). The Supreme Court of Alabama affirmed a jury verdict in favor of an insurance agent against his former employer. The Court affirmed a compensatory damage award of $250,000. The court remitted a punitive damage award of **$3,000,000.00** to **$2,000,000.00**.

- 

*Coram v. Liberty National Life Insurance Company*, October, 1994, Circuit Court of Mobile County, CV 93-2100. Plaintiff sued her insurance company for fraud. A jury returned a verdict against the insurance company for **$4,500,000.00** in punitive damages and **$100,000.00** in compensatory damages.

- 

*Robertson v. Liberty National Life Insurance Company*, April, 1994, Circuit Court of Barbour County, Alabama, CV-92-021. In replacement policy case, plaintiff sued his insurance company alleging fraud and misrepresentation. The case settled before trial for **$55,000,000.00**.

-

*Gallant v. Prudential Insurance Company*, Circuit Court of Barbour County, April, 1994. Plaintiffs sued their insurance company for fraud. Jury returned a verdict against the insurance company for **$25,000,000.00** in punitive damages and **$430,000.00** in compensatory damages.

- 

*Johnson v. Life Insurance Company of Georgia, Inc.*, June, 1994, Circuit Court of Mobile County, CV 93-969. Plaintiff sued her insurance company for fraud. Jury returned a verdict against the insurance company for **$15,000,000.00** in punitive damages and **$250,000.00** in compensatory damages.

- 

*Crocker v. Union Security Insurance Company*, February, 1994, Circuit Court of Choctaw County, CV 92-064. Plaintiff sued her insurance company for fraud. Jury returned a verdict against the insurance company for **$5,000,000.00**.

- 

*Carrier Express, Inc. v. Home Indemnity Company*, January, 1994, United States District Court for the Northern District of Alabama, CV 91-G-1972-S. Company sued insurance carrier for bad faith. Jury returned a verdict of **$4,812,500.00** in punitive damages and **$2,463,959.00** in compensatory damages.

- 

*Fenn v. Liberty Life Insurance Company*, August, 1994, Circuit Court of Barbour County, CV 93-49. Plaintiff sued his insurance company for fraud. Jury returned a verdict against the insurance company for **$2,500,000.00** in punitive damages.

- 

*Massey, et al v. Foremost Insurance Company, et al.*, June 1993, Circuit Court of Bullock County. Plaintiffs sued insurance company for fraud. Judy returned verdict against insurance company for **$15,000,000.00** in punitive damages.

- 

*McAllister v. Liberty National Life Insurance Company*, October, 1993, Circuit Court of Mobile County, CV 92-4085. Plaintiff sued her insurance company for fraud. Jury returned a verdict against the insurance company for **$1,000,000.00** in punitive damages.

- 

*Smith v. Crown Life Insurance Company*, May, 1993, Circuit Court of Mobile County, CV 91-2083. Plaintiff sued his insurance company for fraud. Jury returned a verdict against the insurance company for **$2,000,000.00** in punitive damages and **$2,000,000.00** in compensatory damages.

- 

*Foster v. Life Insurance Company of Georgia*, October, 1992, Circuit Court of Mobile County,

CV 91-1534. Plaintiff sued her insurance company for fraud. Jury returned a verdict against the insurance company for **$1,000,000.00** in punitive damages and **$250,000.00** in compensatory damages.

- *Cooper and Associates v. Central Life Assur. Company*, June, 1992, Jefferson County Circuit Court, CV 87-503-168-MC. Insurance agents sued their former insurance company alleging fraud and breach of contract. Jury returned a verdict for **$2,200,000.00** in punitive damages and **$101,000.00** for compensatory damages.

- *Allen v. Statesman National Life Insurance Company*, June, 1994, Circuit Court of Houston County, CV 93-196. Plaintiff sued insurance company for bad faith. Jury returned a total verdict of **$1,325,000.00** and a verdict of **$750,000.00** in punitive damages.