IN THE UNITED STATES DISTRICT COURT FOR THE RECEIVED
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2006 SEP 11  A 11: 46

.. .. A. HACKETT
.. DISTRICT COURT
.. LE DISTRICT ALL

| | | |
|---|---|---|
| TYLER'S, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | |
| TRAVELERS PROPERTY CASUALTY | ) | 3. 06cv815 - |
| COMPANY OF AMERICA, and A through | ) | |
| Z who are fictitious parties to be named at a | ) | |
| later date when their identities become known, | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER OF TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA TO PLAINTIFF'S COMPLAINT

COMES NOW the Defendant designated as Travelers Property Casualty Company of America (hereinafter "Travelers") and in Answer to the Plaintiff's Complaint, does say and show as follows, to-wit:

### INITIAL COMPLAINT

#### Background Allegations

Answering the allegations of paragraph 1 of the Plaintiff's Complaint, this Defendant is without sufficient information or knowledge to form a belief as to the truth of said averments; and they are, therefore, denied.

Answering the allegations of paragraph 2 of the Plaintiff's Complaint, the Defendant, Travelers Property Casualty Company of America, admits that it is engaged in the insurance business and issues policies in the State of Alabama. As to any remaining allegations of

paragraph 2 of the Plaintiff's Complaint, they are denied.

Answering the allegations of paragraph 3 of the Plaintiff's Complaint, Defendant denies each and every material averment of said paragraph and demands strict proof thereof.

Answering the allegations of paragraph 4 of the Plaintiff's Complaint, as to the fictitious parties, this Defendant is without sufficient information or knowledge to form a belief as to the truth of said averments or allegations; and they are, therefore, denied.

Answering the allegations of paragraph 5 of the Plaintiff's Complaint, this Defendant asserts that there are no allegations that would be applicable to this Defendant. To the extent that the Plaintiff is attempting to broaden, expand, or modify common forms of pleading under the Alabama Rules of Civil Procedure or the Federal Rules of Civil Procedure, this Defendant denies any such allegations.

Answering the allegations of paragraph 6 of the Plaintiff's Complaint, Defendant denies each and every material averment of said paragraph and demands strict proof thereof.

Answering the allegations of paragraph 7 of the Plaintiff's Complaint, Defendant denies that Plaintiff suffered any loss that was covered under the subject policy and denies that Plaintiff made a claim for any loss for which there is coverage under the terms and conditions of the subject policy. Defendant denies each and every remaining material averment of said paragraph and demands strict proof thereof.

Answering the allegations of paragraph 8 of the Plaintiff's Complaint, Defendant denies that Plaintiff suffered any loss that was covered under the subject policy and denies that Plaintiff made a claim for any loss for which there is coverage under the terms and conditions of the subject policy. Defendant denies each and every remaining material averment of said paragraph

2

and demands strict proof thereof.

## COUNT I
## BREACH OF INSURANCE CONTRACT

Answering the allegations of paragraph 1 of Count I of the Plaintiff's Complaint, this Defendant re-avers and re-alleges all of its responses to paragraphs 1 through 8 as if fully set out herein, *in extenso*.

Answering the allegations of paragraph 2 of Count I of the Plaintiff's Complaint, this Defendant admits that it issued a policy of insurance to Tyler's Restaurants, Inc. As to all remaining material averments in paragraph 2 of Count I of Plaintiff's Complaint, they are denied; and this Defendant demands strict proof thereof.

Answering the allegations of paragraph 3 of Count I of the Plaintiff's Complaint, this Defendant is without sufficient information or knowledge to form a belief as to the truth of said allegations; and they are, therefore, denied.

Answering the allegations of paragraph 4 of Count I of the Plaintiff's Complaint, Defendant denies that Plaintiff suffered any loss that was covered under the subject policy and denies that Plaintiff made a claim for any loss for which there is coverage under the terms and conditions of the subject policy. Defendant denies each and every remaining material averment of said paragraph and demands strict proof thereof.

Answering the allegations of paragraph 5 of Count I of the Plaintiff's Complaint, Defendant denies that Plaintiff suffered any loss that was covered under the subject policy and denies that Plaintiff made a claim for any loss for which there is coverage under the terms and conditions of the subject policy. Defendant denies each and every remaining material averment of said paragraph and

demands strict proof thereof.

Answering the allegations of the next unnumbered paragraph of Count I of Plaintiff's Complaint, this Defendant denies that the Plaintiff is entitled to any of the relief which it seeks and demands strict proof thereof.

## COUNT II
## BAD FAITH DENIAL INSURANCE CLAIM

Answering the allegations of paragraph 6 of Count II of the Plaintiff's Complaint, this Defendant re-adopts and re-avers all of its responses numbered 1 through 8 in the Background Allegations and 1 through 5 of Count I of the Plaintiff's Complaint and incorporates them herein by reference as if set out herein, *in extenso.*

Answering the allegations of paragraph 7 of Count II of the Plaintiff's Complaint, Defendant denies that Plaintiff suffered any loss that was covered under the subject policy and denies that Plaintiff made a claim for any loss for which there is coverage under the terms and conditions of the subject policy. Defendant denies each and every remaining material averment of said paragraph and demands strict proof thereof.

Answering the allegations of paragraphs 8 and 9 of Count II of the Plaintiff's Complaint, Defendant denies that Plaintiff suffered any loss that was covered under the subject policy and denies that Plaintiff made a claim for any loss for which there is coverage under the terms and conditions of the subject policy. Defendant denies that it had no reasonably legitimate, arguable or debatable reason for denying said claim and denies that it at any time or in any manner acted in bad faith. Defendant denies each and every remaining material averment of said paragraph and demands strict proof thereof.

4

Answering the allegations of paragraph 10 of Count II of the Plaintiff's Complaint, Defendant denies each and every material averment of said paragraph and demands strict proof thereof. Defendant denies that it at any time or in any manner acted in bad faith.

Answering the allegations of paragraph 11 of Count II of the Plaintiff's Complaint, this Defendant denies that the Plaintiff is entitled to the relief it seeks and denies that any act or omission of this Defendant entitles Plaintiff to an award of either compensatory or punitive damages.

Answering the allegations of the next unnumbered paragraph of Count II of Plaintiff's Complaint, this Defendant denies that the Plaintiff is entitled to any of the relief which it seeks and demands strict proof thereof.

## COUNT III
## FRAUD/MISREPRESENTATION

Answering the allegations of paragraph 12 of the Plaintiff's Complaint, this Defendant re-adopts and re-avers all of its responses numbered 1 through 8 in the Background Allegations and 1 through 11 of Count I and II of the Plaintiff's Complaint and incorporates them herein by reference as if set out herein, *in extenso.*

Answering the allegations of paragraphs 13 and 14 of Count III of the Plaintiff's Complaint, Defendant denies each and every material averment of said paragraphs and demands strict proof thereof.

Answering the allegations of paragraphs 15 and 16 of Count III of the Plaintiff's Complaint, Defendant denies that it made any representations to Plaintiff that were false and on which Plaintiff relied and acted to its detriment. Defendant denies that any act or omission of this Defendant caused any injury or damage to Plaintiff. Defendant denies each and every remaining material averment of

5

said paragraphs and demands strict proof thereof.

Answering the allegations of paragraphs 17 and 18 of Count III of the Plaintiff's Complaint, this Defendant denies that the Plaintiff is entitled to the relief it seeks and denies that any act or omission of this Defendant entitles Plaintiff to an award of either compensatory or punitive damages. Defendant denies each and every remaining material averment of said paragraphs and demands strict proof thereof.

Answering the allegations of the next unnumbered paragraph of Count III of Plaintiff's Complaint, this Defendant denies that the Plaintiff is entitled to any of the relief which it seeks and demands strict proof thereof.

## COUNT IV
## CONVERSION

Answering the allegations of paragraph 1 of Count IV of the Plaintiff's Complaint, this Defendant re-adopts and re-avers all of its responses numbered 1 through 8 in the Background Allegations and 1 through 18 of Counts I, II and III of the Plaintiff's Complaint and incorporates them herein by reference as if set out herein, *in extenso.*

Answering the allegations of paragraphs 2 and 3 of Count IV of the Plaintiff's Complaint, Defendant denies each and every material averment of said paragraphs and demands strict proof thereof. This Defendant denies that the Plaintiff is entitled to the relief it seeks and denies that any act or omission of this Defendant entitles Plaintiff to an award of either compensatory or punitive damages.

Answering the allegations of the next unnumbered paragraph of Count IV of Plaintiff's Complaint, this Defendant denies that the Plaintiff is entitled to any of the relief which it seeks and

6

demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against the Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This Defendant denies each and every material allegation of the Complaint, not specifically admitted above, and demands strict proof thereof.

### THIRD AFFIRMATIVE DEFENSE

This Defendant is not guilty of the matters or things charged.

### FOURTH AFFIRMATIVE DEFENSE

This Defendant pleads lack of consideration.

### FIFTH AFFIRMATIVE DEFENSE

This Defendant denies that any act or omission of the Defendant was the proximate cause of the Plaintiff's alleged damages.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

This Defendant asserts the affirmative defenses of waiver and estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's damages were caused by an intervening cause and another entity and/or person and not by this Defendant.

### NINTH AFFIRMATIVE DEFENSE

This Defendant asserts the affirmative defenses of accord and satisfaction and laches.

7

## TENTH AFFIRMATIVE DEFENSE

This Defendant avers that the allegations in the Complaint are not set forth with the particularity required by Rule 9(b) A.R.C.P. or F.R.C.P.

## ELEVENTH AFFIRMATIVE DEFENSE

This Defendant denies that it is guilty of any wrongful conduct giving rise to a cause of action in favor of the Plaintiff and deny that any wrongful conduct by Defendant proximately caused injuries as alleged by Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by Plaintiff's failure to plead all conditions precedent to its claim for relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

This Defendant avers that the Plaintiff has not mitigated its damages and has unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's own negligence contributed to and caused its injuries and damages as alleged in Plaintiff's Complaint. Plaintiff's claims against this Defendant are barred by the defenses of contributory negligence and assumption of the risk.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant pleads the affirmative defenses of fraud and illegality.

## SIXTEENTH AFFIRMATIVE DEFENSE

This Defendant at no time acted in bad faith.

## SEVENTEENTH AFFIRMATIVE DEFENSE

This Defendant avers that jurisdiction is only proper in Federal Court.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by Plaintiff's lack of cooperation and its failure to mitigate its damages.

8

### NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the Affirmative Defense of the Statue of Frauds.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant pleads misrepresentation in the application.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

This Defendant denies that it has been guilty of any conduct which entitles Plaintiff to recover punitive damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

This Defendant avers that the Complaint fails to state a claim upon which punitive damages may be awarded to Plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to defendant under the Constitution of the State of Alabama.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague; is not based upon any objective standards; is, in fact, standardless; and is not rationally related to legitimate government interests.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law does not bear any reasonable relationship to the amount of actual and/or compensatory damages suffered or awarded to the Plaintiff.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

This Defendant avers that any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, defendant is entitled to the same procedural safeguards accorded to criminal Defendants.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States, and Article I, Section 6 of the Constitution of Alabama on the following grounds:

(a)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded in this state constitute an unconstitutional impediment, infringement and restraint to defendant's rights under the Commerce Clause of the United States Constitution;

(c)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar

10

conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

(a)     It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this Defendant;

(c)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague and not rationally related to legitimate government interests;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(e)     The award of the punitive damages in this case constitutes a deprivation of property without due process of law.

(f)     It is a violation of the Due Process Clause to impose punitive damages against the defendant, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## THIRTIETH AFFIRMATIVE DEFENSE

The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The award of punitive damages against this Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

11

## THIRTY-SECOND AFFIRMATIVE DEFENSE

This Defendant specifically pleads that the Defendant's attorney has not yet had an opportunity to complete a full investigation into all the facts and legal issues involved in this case.

Any further or additional defenses that may be revealed during discovery or upon receipt of additional information in this case are also hereby preserved.

Ann McMahan (McM012)
James P. Rea (REA 004)
Attorneys for Defendant
Travelers Property Casualty Company of America

OF COUNSEL:

DOMINICK, FLETCHER, YEILDING,
WOOD & LLOYD, P.A.
2121 Highland Avenue South
Birmingham, Alabama 35205
(205) 939-0033

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by placing a copy of the same in the United States mail, first-class postage prepaid and properly addressed as follows:

Ben C. Hand, Esquire
Michael C. Fellows, Esquire
HAND, FELLOWS & ASSOCIATES
114 N 8th Street
Opelika, Alabama 36801

on this the 8TH day of September, 2006.

OF COUNSEL

12