IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TYLER'S, INC., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: |
| ) | |
| TRAVELERS PROPERTY CASUALTY ) | 3:06cv815-VPM |
| COMPANY OF AMERICA, and A through ) | |
| Z who are fictitious parties to be named at a ) | |
| later date when their identities become known, ) | |
| ) | |
|     Defendants. ) | |

**RESPONSE TO PLAINTIFF'S OBJECTION TO REMOVAL AND REQUEST FOR REMAND AND RESPONSE TO THIS COURT'S ORDER TO SHOW CAUSE BY TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA**

COMES NOW the Defendant designated as Travelers Property Casualty Company of America (hereinafter "Travelers"), and makes this response to Plaintiff's Objection to Removal and Request for Remand and in response to this Court's Order to Show Cause:

1.    Plaintiff seeks remand solely because Plaintiff stated a claim for $74,999.00 in the ad damnum clause of the Complaint.

2.    Plaintiff's Motion to Remand is due to be denied because based on the allegations in the Complaint, Plaintiff seeks damages in excess of $120,000.00.

3.    In the Complaint, Plaintiff states claims for breach of insurance contract (Count I), bad faith denial insurance claim (Count II), fraud/misrepresentation (Count III), and conversion (Count IV).

4.    In regard to the damages sought by Plaintiff, Plaintiff alleges in part as follows:

1

7)  Plaintiff did suffer loss due to theft/embezzlement for which a claim was made under Defendant's policy.

8)  Defendants later denied Plaintiffs claim under the Loss Payable clause under the policy.

\*          \*          \*

## COUNT I
## BREACH OF INSURANCE CONTRACT

3.  On or about the 21st day of July, 2004. Plaintiff discovered his employee, Ms. Jerri M. Floyd, had stolen/embezzled significant amounts from the Plaintiff in excess of $120,000.00.

4.  Plaintiff timely gave Defendants notice of said loss under said policy, and made a claim for benefits thereunder.

5.  Defendants have refused to pay said claim or reasonably act on said claim.

WHEREFORE, the Plaintiff demands judgment against Defendant in the sum of Seventy-four Thousand Nine Hundred Ninety-nine and 00/100 ($74,999.00) Dollars.

## COUNT II
## BAD FAITH DENIAL INSURANCE CLAIM

\*          \*          \*

7.  Defendants have intentionally refused to pay the Plaintiff's claim under said policy and denied the same without lawful justification.

\*          \*          \*

## COUNT III
## FRAUD/MISREPRESENTATION

\*          \*          \*

17. As a proximate result of said fraud, the Plaintiff was caused

> to suffer the following injuries and damages: Due to loss
> caused by employee theft which was to be covered under
> said insurance policy, Plaintiff suffered serious monetary
> loss in an amount in excess of $120,000.00.

18. Plaintiff claims punitive damages of the Defendant because of the intentional or gross and reckless nature of the fraud.

5. "The Court should evaluate the amount in controversy based on the allegations in the Complaint set forth at the time of removal." *Saberton v. Sears Roebuck and Company,* 392 F.Supp 2d 1358 at 1360 (M.D. Fla. 2005). All of the allegations in the Complaint, not just the allegations in the ad damnum clause, are at issue. Throughout the Complaint, Plaintiff repeats the assertion that the loss exceeded $120,000.00. Any doubt about the amount of the claims is resolved by the assertion in paragraph 17 that:

> 17. As a proximate result of said fraud, the Plaintiff was caused
> to suffer the following injuries and damages: Due to loss
> caused by employee theft which was to be covered under
> said insurance policy, Plaintiff suffered serious monetary
> loss in an amount in excess of $120,000.00.

6. In *Blalock v. Wal-Mart Stores East, LP,* 2006 WL 1669849 (M.D. Ala.),[1] Blalock contended that Wal-Mart had not met its burden of showing by a preponderance of the evidence that the amount in controversy was greater than $75,000.00. While the Plaintiff made an unspecified demand for damages in the ad damnum in the Complaint, the Court found that the Motion to Remand was due to be denied because the $81,778.89 in medical bills claimed by Blalock exceeded the jurisdictional limit. The Court also noted that in addition to the claim for

---

[1] A copy of *Blalock v. Wal-Mart Stores East, LP,* 2006 WL 1669849 (M.D. Ala.) is attached hereto as Exhibit "B."

medical expenses, Blalock sought punitive damages as well as compensatory damages for mental anguish and pain and suffering and found that Wal-Mart had established by a preponderance of the evidence that the amount in controversy more likely than not exceeded the jurisdictional limit.

7. In the present case, the Court need look no further than outside the four corners of the Complaint in that Plaintiff contends that his "its loss under said policy"; that "its claim for benefits thereunder" is the amount in excess of $120,000.00 stolen or embezzled from Plaintiff by its employee, Ms. Jerri M. Floyd; and that "Plaintiff suffered serious monetary loss in an amount in excess of $120,000.00." (Exhibit "A," paragraphs 3-4).

8. Also, as was the case in *Blalock,* punitive damages are to be considered by the Court in determining the amount in controversy unless it is apparent to a legal certainty that such cannot be recovered. *Holley Equipment Co., v. Credit Alliance Corp.,* 821 F.2d 1531, 1535 (11th Cir. 1987).

WHEREFORE, for good cause shown herein, Defendant moves the Court to deny Plaintiff's Motion for Remand.

Respectfully submitted,

/s/ Ann McMahan
Ann McMahan (McM012)
James P. Rea (REA 004)
Attorney for Defendant
Travelers Property Casualty Company of America

**OF COUNSEL**:
DOMINICK, FLETCHER, YEILDING,
WOOD & LLOYD, P.A.
2121 Highland Avenue South
Birmingham, Alabama 35205
(205) 939-0033

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by e-filing and by placing a copy of the same in the United States mail, first-class postage prepaid and properly addressed as follows:

Ben C. Hand, Esquire  
Michael C. Fellows, Esquire  
HAND, FELLOWS & ASSOCIATES  
114 N 8th Street  
Opelika, Alabama 36801  


on this the 20th day of October, 2006.

                                                _____  
                                                OF COUNSEL

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

TYLER'S INC.,  )
    Plaintiffs  )
)
)  CV #: 06-540
Vs.  )
)
TRAVELERS PROPPERTY  )
CASUALTY COMPANY OF AMERICA,  )
and A through Z who are  )
fictitious parties to be named  )  FILED
at a later date when their identities  )  AUG 1 0 2006
become known,  )
    Defendants  )  IN OFFICE
        CORINNE T. HURST
        CIRCUIT CLERK

## INITIAL COMPLAINT

### Background Allegations

1) The Plaintiff is a business entity doing business as Tyler's Restaurant located in Lee County.

2) The defendant, Travelers Property Casualty Company of America, is a business organization engaged in the insurance business and issuing policies in Alabama.

3) Defendant, Travelers Property Casualty Company of America, is a business which refused to pay benefits sought by the Plaintiff for Loss Payable that his insurance policy clearly states he is entitled to recover under the policy.

4) Defendants A through Z are those parties as yet unknown who are responsible for the acts, omissions and damages set out herein and who shall be more particularly identified when and if their identity as liable parties becomes known to the Plaintiffs.

5) The use of any form of the word Plaintiff or Defendant herein shall refer to the singular and/or the plural form of the word.

6) Plaintiffs did maintain an insurance policy with the Defendants to provide insurance coverage for Tyler's Restaurant for which Plaintiff was the owner thereof. Said policy covers theft/embezzlement.

7) Plaintiff did suffer loss due to theft/embezzlement for which a claim was made under Defendant's policy.

8) Defendants later denied Plaintiffs claim under the Loss Payable clause under the policy.


EXHIBIT A

## COUNT I
## BREACH OF INSURANCE CONTRACT

1. Plaintiff realleges all other paragraphs as if fully set out herein.

2. On or about the 13th day of April, 2001, the Defendants issued a policy of insurance insuring Plaintiff's restaurant against loss by Loss Payable Provision or other perils. A copy of said policy is attached hereto as Exhibit A.

3. On or about the 21st day of July, 2004, Plaintiff discovered his employee, Ms. Jerri M. Floyd, had stolen/embezzled significant amounts from the Plaintiff in excess of $120,000.00.

4. Plaintiff timely gave Defendants notice of said loss under said policy, and made a claim for benefits thereunder.

5. Defendants have refused to pay said claim or reasonably act on said claim.

WHEREFORE, the Plaintiff demands judgment against Defendant in the sum of Seventy-four Thousand Nine Hundred Ninety-nine and 00/100 ($74,999.00) Dollars.

## COUNT II
## BAD FAITH DENIAL INSURANCE CLAIM

6. Plaintiff realleges all other paragraphs as if fully set out herein.

7. Defendants have intentionally refused to pay the Plaintiff's claim under said policy and denied the same without lawful justification.

8. Defendants' refusal to pay said claim was not based upon any reasonably legitimate, arguable, or debatable reason.

9. Defendants knew or had reason to know there was no legitimate, arguable or debatable reason for denying the claim, and yet they still failed to pay the claim.

10. The Defendants acted in bad faith in refusing to pay said claim.

11. Plaintiff claims punitive damages of the Defendant.

WHEREFORE, the Plaintiff demands judgment against Defendant in the sum of Seventy-four Thousand Nine Hundred Ninety-nine and 00/100 ($74,999.00) Dollars.

## COUNT III
## FRAUD /MISREPRESENTATION

12. Plaintiff realleges all other paragraphs as if fully set out herein.

13. Plaintiff and Defendant negotiated an agreement regarding coverage to be provided to Plaintiff's business and to Plaintiff.

14. At that time, Defendant, represented to Plaintiff that loss due to theft/embezzlement would be reimbursed under the policy coverage.

15. Said representations were false and Defendant knew they were false or were false and Defendant, without knowledge of the true facts, recklessly misrepresented the facts; or were false and were made by Defendant by mistake, but with the intention that Plaintiff should rely on them.

16. Plaintiff believed said representations and relied upon them and acted upon them by purchasing said insurance policy and paying premiums thereon.

17. As a proximate result of said fraud, the Plaintiff was caused to suffer the following injuries and damages: Due to loss caused by employee theft which was to be covered under said insurance policy, Plaintiff suffered serious monetary loss in an amount in excess of $120,000.00.

18. Plaintiff claims punitive damages of the Defendant because of the intentional or gross and reckless nature of the fraud.

WHEREFORE, the Plaintiff demands judgment against Defendant in the sum of Seventy-four Thousand Nine Hundred Ninety-nine and 00/100 ($74,999.00) Dollars.

## COUNT IV
## CONVERSION

1. Plaintiff realleges all other paragraphs as if fully set out herein.

2. During the term of the policy in Lee County, Alabama, the Defendant converted Plaintiff's property under the auspices payments being insurance premiums. However it is now evident that Defendant was merely committing conversion by deception.

3. Plaintiff claims punitive damages of the Defendant because of the Defendant's willful and oppressive conduct.

WHEREFORE, the Plaintiff demands judgment against Defendant in the sum of Seventy-four Thousand Nine Hundred Ninety-nine and 00/100 ($74,999.00) Dollars.

Respectfully submitted, this the 10th day of August, 2006.

_____
Ben C. Hand (HAN035)
Michael C. Fellows (FEL006)
Attorneys for Plaintiff

Hand, Fellows & Associates
114 N 8th St.
Opelika, AL 36801



CORINNE T. HURST
CIRCUIT CLERK
2311 GATEWAY DR.
ROOM 104
OPELIKA, AL 36801

CERTIFIED MAIL

7000 0520 0014 4321 5905

8/4

C.S.C LAWYERS, INC.
REGISTERED AGENT OF TRAVELERS
PROP. CASUALTY COMPANY OF AMERICA
150 S PERRY STREET
MONTGOMERY, AL 36104

IN THE CIRCUIT COURT FOR MACON COUNTY, ALABAMA

TYLERS RESTAURANT, INC,
    Plaintiff,

VS.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA, et al,
    Defendants.

CASE NO. CV06-540

## SUMMONS

This **service by certified mail** of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO: C.S.C LAWYERS, INC.
REGISTERED AGENT OF TRAVELERS PROP. CASUALTY
150 S PERRY STREET
MONTGOMERY, AL 36104

    The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint, to HAND, FELLOWS & ASSOCIATES, the lawyers for the Plaintiff(s), whose address is 114 North 8th Street, Opelika, AL 36801.

    THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The enclosed discovery requests should be answered in the time prescribed by Alabama law.

Dated 8/10/06

_Corinne T Hurst_
Clerk of Court

1

**Westlaw.**

Slip Copy                                                                                                                   Page 1

Slip Copy, 2006 WL 1669849 (M.D.Ala.)
**(Cite as: Slip Copy)**

C
Briefs and Other Related Documents
Blalock v. Wal-Mart Stores East, LPM.D.Ala.,2006.Only the Westlaw citation is currently available.
United States District Court,M.D. Alabama,Southern Division.
Denise BLALOCK, Plaintiff,
v.
WAL-MART STORES EAST, LP, Defendant.
**Civil Action No. 1:06CV381-MHT (WO).**

June 16, 2006.

Wallace Davis Malone, III, Farmer Farmer & Malone PA, Dothan, AL, for Plaintiff.
Clayton Matthew Adams, Jeffrey Albright Brown, Carlock Copeland Semler & Stair LLP, Columbus, GA, for Defendant.

OPINION AND ORDER
MYRON H. THOMPSON, District Judge.
*1 This lawsuit, which was removed from state court to federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C. §§ 1332, 1441, is now before the court on plaintiff Denise Blalock's motion to remand. Blalock contends that removal is improper both because there is not true diversity of citizenship and because the amount in controversy is insufficient to confer federal jurisdiction. For the reasons that follow, the court concludes that Blalock's motion should be denied.

A federal court may assert jurisdiction where the amount in controversy exceeds $ 75,000, exclusive of costs and interests, and the parties are citizens of different states. 28 U.S.C. § 1332(a). Complete diversity is lacking where any party on one side of the suit is from the same state as any party on the other side. *Strawbridge v. Curtiss,* 7 U.S. 267 (1806). The party seeking removal has the burden of establishing jurisdiction. *Burns v. Windsor Ins.*

*Co.,* 31 F.3d 1092, 1095 (11th Cir.1994).

The defendant in this case, Wal-Mart Stores East, LP, is a limited partnership.[FN1] For purposes of diversity of citizenship, a limited partnership is a citizen of each State in which any of its partners, limited or general, are citizens. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1021 (11th Cir .2004) (citing *Carden v. Arkoma Assoc.,* 494 U.S. 185, 195-96, (1990)). At the time Blalock, a citizen of Alabama, filed her motion for remand, Wal-Mart Stores East, LP had not shown that each of its partners were citizens of a State other than Alabama.

> FN1. The original complaint misidentified the defendant as Wal-Mart Stores, Inc. The parties agree that the correct defendant is Wal-Mart Stores East, LP.

Since that time, however, Wal-Mart Stores East, LP has met its burden by showing that it is a limited partnership organized under the laws of Delaware and having its principal place of business in Arkansas, of which WSE Management, LLC is the 1 % general partner and WSE Investment, LLC is the 99 % limited partner. Both WSE Management, LLC and WSE Investment, LLC are incorporated under the laws of Delaware and have their principal place of business in Arkansas.[FN2] Complete diversity of citizenship therefore exists in this case.

> FN2. Defendant's disclosure of corporate affiliations and other entities with a direct financial interest in litigation (Doc. No. 10).

Blalock also insists that Wal-Mart Stores East, LP has not met its burden of showing by a preponderance of the evidence that the amount in controversy is greater than $ 75,000. Blalock's complaint asserts that Wal-Mart Stores East, LP

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Slip Copy                                                                                                   Page 2

Slip Copy, 2006 WL 1669849 (M.D.Ala.)
**(Cite as: Slip Copy)**

negligently or wantonly caused or failed to prevent her fall on the premises of a Wal-Mart store, as a result of which she allegedly suffered injuries including contusions to her wrist and knees, trauma and loss of function in her thumb, head injury, and multiple bruises. The complaint asserts that Blalock was permanently injured, has suffered mental anguish and emotional distress, and seeks compensatory damages and punitive damages in a sum in excess of $ 10,000.

"[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds [the jurisdictional limit]." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir.1996), *overruled on other grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir.2000).

*2 Wal-Mart Stores East, LP has submitted medical bills incurred by Blalock from Houston Medical Group, Flowers Hospital, and Southern Bone and Joint. These bills relate to treatments undergone by Blalock after her fall, and total $ 81,778.89. While Wal-Mart Stores East, LP does not concede that the charges are related to treatments for alleged injuries resulting from the fall, it is clear that Blalock has undergone significant medical treatment after a fall that she claims caused multiple physical injuries, and that the cost for this treatment exceeds the jurisdictional threshhold of $ 75,000. The court notes that in addition to recovery of her medical expenses, Blalock's complaint seeks punitive and compensatory damages for pain and suffering, mental anguish and emotional distress.

In light of the medical record and the allegations of Blalock's complaint, the court concludes that Wal-Mart Stores East, LP has proven by a preponderance of the evidence that the amount in controversy in this case exceeds $ 75,000.

Accordingly, it is ORDERED that plaintiff Denise Blalock's motion to remand (Doc. 4) is denied.

M.D.Ala.,2006.
Blalock v. Wal-Mart Stores East, LP
Slip Copy, 2006 WL 1669849 (M.D.Ala.)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Briefs and Other Related Documents (Back to top)

• 1:06cv00381 (Docket) (Apr. 26, 2006)

END OF DOCUMENT