IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA

TYLER'S RESTAURANT, INC. )
    Plaintiffs )
)
Vs. ) Civil Action No. 3:06cv815-VPM
)
TRAVELERS PROPPERTY )
CASUALTY COMPANY OF AMERICA, )
and A through Z who are )
fictitious parties to be named )
at a later date when their identities )
become known, )
    Defendants )

### Response to Defendant's Objection to Remand and Stipulation to Amend and or Setoff.

Now comes the Plaintiff, by and through counsel, and does point out to this Court that Plaintiff has made a specified claim for damages in the amount of $74,999.00; and no more. Therefore, this matter should be remanded back to the Lee County Circuit Court where it was originally filed.

However in an attempt to assuage Defendant's fears, Plaintiff- in the event that this matter is remanded back to Lee County Circuit Court- will agree to Amend their complaint as set out in the attached EXHIBIT A, and to stipulate to a setoff against any verdict that might be rendered by the Lee County Circuit Court, such that no judgment would be entered for an amount greater than $74,999.00.

Respectfully submitted, this day: Wednesday, November 22, 2006.

_____
Michael C. Fellows (FEL006)
Attorney for Plaintiff

114 N 8th St.

Opelika, AL 36801

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the attached **Response to Defendant's Objection to Remand and Stipulation to Amend and or Setoff.** upon the following persons by means of delivery shown below and to the location designated, properly addressed and delivery charges prepaid on this the day, Wednesday, November 22, 2006.

Honorable Ann McMahan
Dominick, Fletcher, et al.
2121 Highland Avenue South
Birmingham, Alabama 35205

☒ U.S. Mail     [ ] Facsimile     [ ] Hand Delivery     [ ] Overnight Delivery_____

_____
Mike Fellows

IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

EXHIBIT A

| | |
|---|---|
| TYLER'S RESTAURANT, INC.<br>　　　Plaintiffs<br><br>Vs.<br><br>TRAVELERS PROPPERTY<br>CASUALTY COMPANY OF AMERICA,<br>and A through Z who are<br>fictitious parties to be named<br>at a later date when their identities<br>become known,<br>　　　Defendants | )<br>)<br>)<br>)<br>)　CV #: _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED INITIAL COMPLAINT

### Background Allegations

1) The Plaintiff is a business entity doing business as Tyler's Restaurant, Inc. located in Lee County.

2) The defendant, Travelers Property Casualty Company of America, is a business organization engaged in the insurance business and issuing policies in Alabama.

3) Defendant, Travelers Property Casualty Company of America, is a business which refused to pay benefits sought by the Plaintiff for Loss Payable that his insurance policy clearly states he is entitled to recover under the policy.

4) Defendants A through Z are those parties as yet unknown who are responsible for the acts, omissions and damages set out herein and who shall be more particularly identified when and if their identity as liable parties becomes known to the Plaintiffs.

5) The use of any form of the word Plaintiff or Defendant herein shall refer to the singular and/or the plural form of the word.

6) Plaintiffs did maintain an insurance policy with the Defendants to provide insurance coverage for Tyler's Restaurant for which Plaintiff was the owner thereof. Said policy covers theft/embezzlement.

7) Plaintiff did suffer loss due to theft/embezzlement for which a claim was made under Defendant's policy.

8) Defendants later denied Plaintiffs claim under the Loss Payable clause under the policy.

**COUNT I**

## BREACH OF INSURANCE CONTRACT

1. Plaintiff realleges all other paragraphs as if fully set out herein.

2. On or about the 13th day of April, 2001, the Defendants issued a policy of insurance insuring Plaintiff's restaurant against loss by Loss Payable Provision or other perils. A copy of said policy is attached hereto as Exhibit A.

3. On or about the 21st day of July, 2004, Plaintiff discovered his employee, Ms. Jerri M. Floyd, had stolen/embezzled significant amounts of money from the Plaintiff.

4. Plaintiff timely gave Defendants notice of said loss under said policy, and made a claim for benefits thereunder.

5. Defendants have refused to pay said claim or reasonably act on said claim.

WHEREFORE, the Plaintiff demands judgment against Defendant in the sum of Seventy-four Thousand Nine Hundred Ninety-nine and 00/100 ($74,999.00) Dollars.

## COUNT II
## BAD FAITH DENIAL INSURANCE CLAIM

6. Plaintiff realleges all other paragraphs as if fully set out herein.

7. Defendants have intentionally refused to pay the Plaintiff's claim under said policy and denied the same without lawful justification.

8. Defendants' refusal to pay said claim was not based upon any reasonably legitimate, arguable, or debatable reason.

9. Defendants knew or had reason to know there was no legitimate, arguable or debatable reason for denying the claim, and yet they still failed to pay the claim.

10. The Defendants acted in bad faith in refusing to pay said claim.

11. Plaintiff claims punitive damages of the Defendant.

WHEREFORE, the Plaintiff demands judgment against Defendant in the sum of Seventy-four Thousand Nine Hundred Ninety-nine and 00/100 ($74,999.00) Dollars.

## COUNT III
## FRAUD /MISREPRESENTATION

12. Plaintiff realleges all other paragraphs as if fully set out herein.

13. Plaintiff and Defendant negotiated an agreement regarding coverage to be provided to Plaintiff's business and to Plaintiff.

14. At that time, Defendant, represented to Plaintiff that loss due to theft/embezzlement would be reimbursed under the policy coverage.

15. Said representations were false and Defendant knew they were false or were false and Defendant, without knowledge of the true facts, recklessly misrepresented the facts; or were false and were made by Defendant by mistake, but with the intention that Plaintiff should rely on them.

16. Plaintiff believed said representations and relied upon them and acted upon them by purchasing said insurance policy and paying premiums thereon.

17. As a proximate result of said fraud, the Plaintiff was caused to suffer the following injuries and damages: Due to loss caused by employee theft which was to be covered under said insurance policy, Plaintiff suffered serious monetary loss.

18. Plaintiff claims punitive damages of the Defendant because of the intentional or gross and reckless nature of the fraud.

WHEREFORE, the Plaintiff demands judgment against Defendant in the sum of Seventy-four Thousand Nine Hundred Ninety-nine and 00/100 ($74,999.00) Dollars.

## COUNT IV
## CONVERSION

1. Plaintiff realleges all other paragraphs as if fully set out herein.

2. During the term of the policy in Lee County, Alabama, the Defendant converted Plaintiff's property under the auspices payments being insurance premiums. However it is now evident that Defendant was merely committing conversion by deception.

3. Plaintiff claims punitive damages of the Defendant because of the Defendant's willful and oppressive conduct.

WHEREFORE, the Plaintiff demands judgment against Defendant in the sum of Seventy-four Thousand Nine Hundred Ninety-nine and 00/100 ($74,999.00) Dollars.

Respectfully submitted, this day Wednesday, November 22, 2006.

_____
Michael C. Fellows (FEL006)

                                                Attorneys for Plaintiff

114 N 8th St.
Opelika, AL 36801
(334) 741-4077