IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TYLER'S, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO.: |
| ) | |
| TRAVELERS PROPERTY CASUALTY ) | 3:06cv815-VPM |
| COMPANY OF AMERICA, and A through ) | |
| Z who are fictitious parties to be named at a ) | |
| later date when their identities become known, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO REMAND AND PLAINTIFF'S STIPULATION TO AMEND AND/OR SET OFF**

COMES NOW the Defendant, Travelers Property Casualty Company of America ("Travelers"), by and through counsel, and in reply to the Plaintiff's Response to this Defendant's Objection to Remand and Stipulation to Amend and/or Set Off, does say and show unto the Court as follows, to-wit:

1.  Plaintiff has attempted to point to the original Complaint filed in Lee County, Alabama, for its position that a specified claim for damages was made in the amount of $74,999.00 and no more. While the Plaintiff's *ad damnum* clause throughout the original Complaint states a claim for $74,999.00, it is clear from the body of the Complaint, that the true amount in controversy exceeds the jurisdictional amount of this Court. Specifically in paragraphs three through five of Count One, , Plaintiff makes the following claims:

    3.  On or about the 21st day of July, 2004. Plaintiff discovered

    his employee, Ms. Jerri M. Floyd, had stolen/embezzled significant amounts from the Plaintiff in excess of $120,000.00.

  4. Plaintiff timely gave Defendants notice of said loss under said policy, and made a claim for benefits thereunder.

  5. Defendants have refused to pay said claim or reasonably act on said claim.

  2. Plaintiff has attempted to stipulate in the Response to the Defendant's Objection to Remand and Stipulation to Amend or Set Off, that the Plaintiff, in the event that this matter is remanded back to Lee County Circuit Court, will agree to amend the Complaint and stipulate to a set off against any verdict and that no judgment would be entered for an amount greater than $74,999.00. This Defendant respectfully submits that this proposed amendment to the Complaint and agreement or stipulation to amend or set off should be of no consequence to this Court in respect to this particular case and the Defendant's objection to remand.

  3. This case is unique in that it is founded upon a contract claim made by the Plaintiff on an insurance policy issued to the Plaintiff by Travelers Property Casualty Company of America. The Plaintiff has specifically made claim for breach of the insurance contract, bad faith denial of an insurance claim, fraud, misrepresentation and conversion.

  4. Attached hereto is the Property Loss Notice submitted to Travelers by the Plaintiff as of July 22, 2004, indicating a theft of money totaling about $100,448.00. from the Plaintiff. (Exhibit "A" to the Affidavit of John Tomme, which is attached hereto as Exhibit "1"). Also, attached hereto as Exhibit "B" to Tomme's Affidavit is correspondence to Travelers from the Plaintiff's counsel dated November 23, 2005, which was received by Travelers prior to the filing of this lawsuit. The letter establishes that the claim being made by the Plaintiff under its contract of

insurance is "near or about $120,000.00." [Affidavit of John Tomme (Exhibit "1") and Exhibit "B" thereto].

5. The Defendant respectfully submits to the Court that this case is factually distinguishable from other cases recently decided in this Court, to-wit, *Thornton v. Waffle House, Inc.,* 2006 WL 2631350 (M.D. Ala., Sept. 13, 2006) and *Hall v. CSX Transportation,* 2006 WL 3313682 (M.D. Ala., Nov. 14, 2006) in that this is an action on contract and is a claim made for a sum certain as evidenced by the property loss notice.

6. In both *Hall v. CSX* (a personal injury case arising from an auto accident) and *Thornton v. Waffle House, Inc.,* (assault and battery/personal injury), plaintiff's claims were for personal injuries and sought unspecified amounts of damages. The Court in granting the Motions to Remand in those cases accepted stipulations by the Plaintiffs that the claims being asserted would not exceed the jurisdictional amount of the Court and accepted the post removal affidavits and stipulations of the plaintiffs and plaintiffs' counsel as only clarifying the amount in controversy at the time of the filing of the Complaint and at the time of the Petition for Removal.

7. The Defendant respectfully submits that the contract claim of Plaintiff is distinguishable from both *Hall* and *Thornton* in that the present claim is a contract claim made on a policy of insurance for employee theft. The proof of loss heretofore submitted by the Plaintiff on July 22, 2004, and then clarified by letter to the Defendant by Plaintiff's counsel, clearly establishes that the contract claim alone without any consideration of Plaintiff's claim for punitive damages is for an amount in excess of the jurisdictional amount of this Court.

8. Since the Plaintiff's claim as submitted to the Defendant is for well over $100,000.00 and the Plaintiff's Complaint asserts not only the Defendant's breach of an insurance contract

(compensatory damages for a sum certain), but also the Defendant's bad faith (the basis for Plaintiff's punitive damages claims), the Plaintiff should not be allowed to limit this Court's jurisdiction by merely stating that they will not seek more than $75,000.00 exclusive of interest and costs should the case be remanded.

9. These Defendants respectfully submit that since this is a contract action wherein the damages claimed by the Plaintiff in the proof of loss filed in 2004 clearly establishes an amount in controversy in excess of this Court's jurisdictional amount, as opposed to a personal injury claim where the damages are not "liquidated," that the Plaintiff cannot limit this Court's jurisdiction by attempting to enter into a post-removal stipulation after the proper removal of the initial Complaint.

10. This Defendant respectfully submits that it has more than met its burden of proof in showing that the Plaintiff's claim, if successful, will exceed the jurisdictional amount of this Court.

Respectfully submitted,

Ann McMahan (McM012)
James P. Rea (REA 004)
Attorney for Defendant
Travelers Property Casualty Company of America

**OF COUNSEL:**

DOMINICK, FLETCHER, YEILDING,
WOOD & LLOYD, P.A.
2121 Highland Avenue South
Birmingham, Alabama 35205
(205) 939-0033

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by placing a copy of the same in the United States mail, first-class postage prepaid and properly addressed as follows:

Ben C. Hand, Esquire
Michael C. Fellows, Esquire
HAND, FELLOWS & ASSOCIATES
114 N 8th Street
Opelika, Alabama 36801

on this the 7TH day of December, 2006.

                                              OF COUNSEL

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TYLER'S, INC.,<br>    Plaintiff,<br><br>vs.<br><br>TRAVELERS PROPERTY CASUALTY<br>COMPANY OF AMERICA, and A through<br>Z who are fictitious parties to be named at a<br>later date when their identities become known,<br><br>    Defendants. | )<br>)<br>)<br>)  CIVIL ACTION NO.:<br>)<br>)  3:06 CV-815-VPM<br>)<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT OF JOHN TOMME**

COUNTY OF FULTON    )
STATE OF GEORGIA    )

    Before me, the undersigned authority, Notary Public, in said County and State, personally appeared John Tomme who is over the age of nineteen, of sound mind, who is known to me, attests to have personal knowledge of the matters attested to below, is competent to testify to the same, and who, being by me first duly sworn, does hereby depose and say as follows:

    1.    My name is John Tomme, and I am an adult resident citizen of Georgia. I am employed as a Technical Claims Specialist by Travelers Property Casualty Company of America (hereinafter "Travelers").

    2.    I make this affidavit based upon my own personal knowledge of the facts contained herein and upon my review of the business records of Travelers. The attached documents are kept in the course of the regularly conducted business of Travelers, and it was the regular practice of Travelers and its employees to retain in its business records the documents attached hereto as

1



Exhibits "A" and "B." The attached documents reflect acts, events, conditions or statements submitted and made by representatives of the insured, Tyler's Inc., at or near the time reflected on the documents.

3. Attached to my Affidavit as Exhibit "A" is the Acord Property Loss Notice submitted by Tyler's Restaurants, Inc., to J. Smith Lanier & Co. of Opelika on or about July 22, 2004. The Acord form and the attached newspaper article were faxed to me on July 22, 2004. Attached to my Affidavit as Exhibit "B" is a letter dated November 23, 2005, that I received from the office of counsel representing Tyler's Restaurants, Inc., regarding Tyler's claim.

4. I certify that the attached documents are included in the claim file for Tyler's, Inc., that was maintained under my custody and control.

5. These records were kept in the regular course of business by employees of Defendant Travelers with personal knowledge of the acts, events, statements, conditions, etc. who created the business records.

_____
John Tomme

STATE OF GEORGIA   )
FULTON COUNTY     )

Before me, a Notary Public in and for said County and said State, personally appeared JOHN TOMME, who, being known to me states that he has read the above and foregoing and that the information is correct to the best of his knowledge, information, and belief.

Sworn to and subscribed before me this the 7th day of December, 2006.

_____
Linda S. Lawson
Notary Public

My Commission Expires:
~~Notary Public, Gwinnett County, Georgia~~
My Commission Expires August 18, 2009

2

62TYLERSREST

# ACORD™ PROPERTY LOSS NOTICE

TBD

DATE 07/22/04

| PRODUCER | PHONE (A/C, No, Ext): 334 749-3401 |
|---|---|

J Smith Lanier & Co of Opelika
P. O. BOX 828
Opelika, AL  36803

CODE:                SUB CODE:
AGENCY CUSTOMER ID
52064

| MISCELLANEOUS INFO (Site & location code) | DATE OF LOSS AND TIME | AM PM | PREVIOUSLY REPORTED YES [X] NO |
|---|---|---|---|
| | 07/21/04 | | |

| POLICY TYPE | COMPANY AND POLICY NUMBER | NAIC CODE | POLICY DATES |
|---|---|---|---|
| PROP/ HOME | CO: Travelers/Business Ow POL: I680214Y3049TIL04 | | EFF 04/13/04 EXP 04/13/05 |
| FLOOD | CO: POL: | | EFF: EXP: |
| WIND | CO: POL: | | EFF: EXP: |

## INSURED

| NAME AND ADDRESS OF INSURED | DATE OF BIRTH | CONTACT [ ] CONTACT INSURED NAME AND ADDRESS OF INSURED |
|---|---|---|
| Tyler's Restaurants, Inc. P O Box 2567 Opelika, AL  36803 | SOC SEC # OR FEIN: | Brad |

| RESIDENCE PHONE (A/C, No) 334 749-3428 | BUSINESS PHONE (A/C, No, Ext) | | |
|---|---|---|---|

| NAME AND ADDRESS OF SPOUSE (IF APPLICABLE) | DATE OF BIRTH | RESIDENCE PHONE (A/C, No) | BUSINESS PHONE (A/C, No, Ext) |
|---|---|---|---|
| | SOC SEC # OR FEIN: | WHERE TO CONTACT | WHEN TO CONTACT |

## LOSS

LOCATION OF LOSS: 109 S 8th Street
Opelika, AL, 36801

POLICE OR FIRE DEPT TO WHICH REPORTED

| KIND OF LOSS | FIRE [ ] THEFT [X] | LIGHTNING [ ] HAIL [ ] | FLOOD [ ] WIND [ ] | OTHER (explain) | | PROBABLE AMOUNT ENTIRE LOSS |
|---|---|---|---|---|---|---|

DESCRIPTION OF LOSS & DAMAGE (Use separate sheet, if necessary)
Theft of about $100,448 from 1998 to June 2004.  Please see attached news article.  Policy coverage should go back to the 1998 policy as well.

## POLICY INFORMATION

MORTGAGEE
[X] NO MORTGAGEE

HOMEOWNER POLICIES SECTION 1 ONLY (Complete for coverages A, B, C, D & additional coverages. For Homeowners Section II Liability Losses, use ACORD 3.)

| A. DWELLING | B. OTHER STRUCTURES | C. PERSONAL PROPERTY | D. LOSS OF USE | DEDUCTIBLES | DESCRIBE ADDITIONAL COVERAGES PROVIDED |
|---|---|---|---|---|---|
| | | | | | ON |

COVERAGE A. EXCLUDES WIND
SUBJECT TO FORMS (Insert form numbers and edition dates, special deductibles)

FIRE, ALLIED LINES & MULTI-PERIL POLICIES (Complete only those items involved in loss)

| ITEM | SUBJECT OF INSURANCE | AMOUNT | % COINS | DEDUCTIBLE | COVERAGE AND/OR DESCRIPTION OF PROPERTY INSURED |
|---|---|---|---|---|---|
| 1 | BLDG [ ] CNTS [X] | 5,000 | | 500 | Spoilage COL: Spoilage Breakdown |
| 2 | BLDG [ ] CNTS [X] | 5,000 | | 500 | Spoilage COL: Spoilage Power Outage |
| 3 | BLDG [ ] CNTS [X] | | | | Protective Safeguard P-9 applies |

SUBJECT TO FORMS (Insert form numbers and edition dates, special deductibles)

| | BUILDING: | DEDUCTIBLE: | ZONE | PRE FIRM | DIFF IN ELEV | FORM TYPE | GENERAL | CONDO |
|---|---|---|---|---|---|---|---|---|
| FLOOD POLICY | CONTENTS: | DEDUCTIBLE: | | POST FIRM | | | | |
| WIND POLICY | BUILDING | DEDUCTIBLE | CONTENTS | ZONE | FORM TYPE | GENERAL DWELLING | CONDO | |

REMARKS/OTHER INSURANCE (List companies, policy numbers, coverages & policy amounts)(NY ONLY: PREVIOUS ADDRESS OF INSURED & WIFE'S MAI...)
* Continued from Fire, Allied Lines Section *

(See Attached Remarks Information.)

**EXHIBIT A**

| CAT # | FICO # | ADJUSTER ASSIGNED | | ADJUSTER # | DATE ASSIGNED |
|---|---|---|---|---|---|

| REPORTED BY Insured | REPORTED TO Cindy Terry | SIGNATURE OF INSURED | SIGNATURE OF PRODUCER |
|---|---|---|---|

ACORD 1 (2001/02) 1 of 3  #3477 NOTE: IMPORTANT STATE INFORMATION ON REVERSE SIDE    CYT © ACORD CORPORATION 1988

## REMARKS   (Continued from page 1)

Coverage: restaurant pac applies

Coverage: Personal Property   Amount: 38,246   Ded: 500   Cause of Loss: Special (Including Theft)   Valuation: Replacement Cost

* Additional/Other Interests Continued *

Interest Name: Charter Bank; Loan Servicing Department   Interest Address: P.O. Box 570 West Point GA 31833   Interest Nature: Mortgagee Interest Number: 1

Interest Name: First Leasing   Interest Address: 1311 1st Avenue; Opelika AL 36801   Interest Nature: Loss Payee Interest Number: 2

Interest Name: R. A. Goodson & Doug Horn   Interest Address: PO Box 2567; Opelika AL 36803   Interest Nature: Additional Insured Interest Number: 5

WEDNESDAY, JULY 21, 2004

## IN OUR AREA

# metery to get new office building

ing were to relocate off-site.
nt meetings, the council dis-
oving cemetery operations to
ites such as City Hall, but
ncil members were opposed
a.
l member William Lazenby
office should serve multiple
such as keeping employees
visitors and for the public to
er in bad weather.
creating a snag for the public
h when coming to City Hall
a plot," Council member
Harris said.
uwenhuise said the depart-
been working hard to get the
to build the new office and
ed with the council's deci-

All of the city's cemeteries are locat-
ed in Ward 1 represented by council
member Patsy Jones, who said she has
received numerous complaints on the
cemetery from the residents of the city.
"I am personally offended that we
have come nine years saying that we
want to do something," she said,
adding that expertise of the employees
working in the day-to-day operations
should be taken into regard.
Tuesday was also the last day for
candidates to qualify for the Aug. 24
city elections. A resolution was
passed deeming the unopposed candi-
dates to be elected. They are City
Council candidates Eddie Smith,
Ward 4; Jerry Teel, Ward 3; Clarence
Harris, Ward 2 and William Lazenby,
Ward 5. There are no write-ins in mu-

nicipal elections.
In other business the council:
■ Passed a resolution to accept the
donation of the Brown Center that is
owned by the Opelika Board of Educa-
tion.
■ Passed a resolution to contract
with Barge Waggoner Sumner & Can-
non Inc. for the design plans for the
Opelika Recreation Center.
■ Passed a resolution authorizing
the disposal of certain personal proper-
ty of the city that is no longer needed.
■ Passed a resolution to ratify
amendments to the City Comprehen-
sive Plan.
■ Awarded a bid of $4,620 to Bagby
Elevator Co. for the elevator mainte-
nance in City Hall, the library and the
police department.

---

germent.
ed from an
pened on
t, south of
uly 10 at

Lt. Jerry
was iden-
al people
in the inci-
were fired

ler, one of
ken down

on the side of the road when
another vehicle drove up to it
and stopped. The people in the
two vehicles, both with Ma-
con County plates, started
shooting at each other, Holder
said.
"The investigation pieced
together enough to identify
(Nestor) as one of the ones in-
volved," Holder said. "Addi-
tional warrants are pending."
A pistol, shotguns and as-
sault rifles were found at the

scene of the incident, Holder
said.
No one was injured in the
incident.
Police do not yet have a mo-
tive, but the investigation is
ongoing.

### Opelika police investigate theft at Tyler's Restaurant

Opelika police are investi-
gating a theft at Tyler's
Restaurant on South Eighth

Street in Opelika. From 1998
to June 2004, about $100,448
was stolen from the restau-
rant, according to Opelika po-
lice Capt. Melvin Harrison.
"It appears to be internal,"
he said. Although there has
been no arrest, Harrison said
there is a suspect.
Attempts to reach a manag-
er at Tyler's Restaurant were
unsuccessful.

STAFF REPORTS

---

onday at a
d after six
me be-

ed Monday
Street after
s were tak-
d 3 a.m.

ed Monday

■ Theft of property was reported Friday
at a home on South Long Street after a li-
cense plate was taken sometime between
April 15 and July 6

■ Theft of property was reported Friday
at a home on Dale Avenue after a safe
and cash were taken sometime between 5
p.m. July 14 and 9 p.m. Friday.

■ Burglary was reported Saturday at an

ningham Drive after a window was dam-
aged sometime between 4 p.m. Friday
and 5:10 a.m. Monday.

■ Theft of property was reported Monday
at a business on Cunningham Drive after
cash was taken and a vending machine
was damaged sometime between 4 p.m.
Friday and 5:10 a.m. Monday.

■ Theft of property was reported Monday

were reported Monday at a business on
Centerhill Drive after cash was taken and
a vending machine was damaged some-
time between 3 p.m. Saturday and 11
a.m. Monday.

■ Theft of property was reported Monday
at a business on Pepperell Parkway after
cash was taken sometime between 8 and
10 a.m.

■ Burglary and theft of property were re-

HAND, FELLOWS & ASSOCIATES
A Limited Liability Company



ATTORNEYS AT LAW
114 NORTH 8TH STREET
OPELIKA, ALABAMA 36801
PHONE: (334) 741-4077  FAX: (334) 741-4074

November 23, 2005

Travelers Insurance Company
Attn: John Tomme, Claims Adjuster
C.S. #1817
Alpharetta, GA 30023-1817

RE:     Insured:                    Tyler's Restaurants, Inc.
       Claim Number:        ADX2074J
       Date Loss Discovered:   June 21, 2004
       Policy:                    680- 214Y3049
       Type of Loss:          Employee Dishonesty
       Principal:               Jerri Floyd
       Date Coverage Began:   April 13, 1997
       Employment End Date:   June 28, 2004

Dear Mr. Tomme:

    After reading your letter of November 24, 2004 we want to clarify a misunderstanding you may have so that your records may be accurate.

    Our records show that this employee converted near or about $120,000.000. It was not in 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002 or 2003 but in 2004 that our client made the discovery. In 2004, upon discovering this employee's ten year record of thievery, Mr. Bowling filed a police report and thereafter you were notified of such.

    I know you are going to do the right thing here and not force us to take this matter before the courts. We look forward to speaking to you soon and if you should need additional information, please feel free to call. You may also contact Katrina Nunn in our office with any of your questions.

    Sending you my warmest regards and with every good wish, I am

                                                    Very sincerely,

                                                    Eric J. Cox, Law Clerk to
                                                    Ben C. Hand
                                                    Attorney at Law
                                                    HAND, FELLOWS & ASSOCIATES LLC
                                                    114 North 8th Street
                                                    Opelika, Alabama 36801

EXHIBIT B

2005 DEC 12 AM 8: 43