IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TYLER'S RESTAURANT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:06-CV-815-WC |
| ) | WO |
| TRAVELERS PROPERTY CASUALTY ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendant, ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff brought this action in the Circuit Court of Lee County, Alabama. The defendant removed to this court on the basis of diversity of citizenship. Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the United States Magistrate Judge (Docs. #8-9, filed Nov. 27, 2006). The case is now before this court on the plaintiffs' motion to remand (Doc. #3, filed Oct. 10, 2006) . Upon consideration of the motion and for the following reasons, the court concludes that the plaintiffs' motion is due to be GRANTED.

**I. BACKGROUND**

According to the complaint, the defendant issued an insurance policy to the plaintiff, insuring the plaintiff against losses. An employee of the plaintiff embezzled over $120,000, and the plaintiff made an insurance claim, but the defendant refused to pay (compl. p. 2).

1

The plaintiff brought this action in the Circuit Court of Lee County, Alabama, alleging breach of contract, bad faith failure to pay, promissory fraud, and conversion, and explicitly demanding $74,999 in damages (compl. p. 3-4).

The defendant removed to this court (doc. #1, filed Sept. 11, 2006), stating that the court had jurisdiction under 28 U.S.C. § 1332(a) (diversity of citizenship). The defendant averred that it was a Connecticut corporation with its principal place of business in Connecticut, while the plaintiff was an Alabama citizen. The defendant argues that the alleged embezzlement of over $120,000 shows that the amount in controversy exceeds $75,000. The defendant also provided several Alabama cases (doc. #1, exs. 2-3), in order to show that in cases of this kind, an award of punitive damages would likely raise the amount in controversy above $75,000.

## II. STANDARD FOR REMAND

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706, 716 (1996). However, federal courts are courts of limited jurisdiction. Thus, with respect to motions to remand cases removed to this court pursuant to 28 U.S.C. § 1441, the law of this circuit favors remand where federal jurisdiction is not absolutely clear. In "deciding a motion to remand where the plaintiff and defendant disagree on issues of jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court." *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994).

### III. DISCUSSION

The court may assume jurisdiction under 28 U.S.C. § 1332(a) only if the parties are residents of different states and the amount in controversy exceeds $75,000. The parties agree that the plaintiff is an Alabama resident and the defendant is a Connecticut corporation with its principal place of business in Connecticut.[1] Therefore, the issue turns on the amount in controversy.

The rule in this circuit is clear: if the defendant explicitly demands less than $75,000, as this plaintiff does, then this court lacks jurisdiction unless the defendant demonstrates *to a legal certainty* that, if the plaintiff prevails, she will receive a larger amount. In other words, an award below $75,000 must be "outside the range of permissible awards." *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095-96 (11th Cir. 1994); *Lindsay v. American General Life & Accident Insurance Co.*, 133 F. Supp. 2d 1271, 1273 (M.D. Ala. 2001).

While the complaint claims that the plaintiff's employee embezzled over $120,000, the defendant has not shown to a legal certainty that, in the event the plaintiff prevails, the award must exceed $120,000. The insurance contract in question is not before the court; for aught that appears in the record, the coverage (and hence the amount to be awarded in a successful breach of contract action) may be less than that. The defendant's argument regarding punitive damages also fails. These damages are not awarded according to a fixed formula, and the plaintiff can prevail without receiving such damages at all. *Lindsay*, 133 F.

---

[1] Under 28 U.S.C. 1332(c)(1), a corporation is a resident of both the state where it was incorporated and the state where it has its principal place of business.

Supp. at 1276-77. Representative cases of the kind offered by the plaintiff may establish a higher amount in controversy to a preponderance of the evidence (*see Bolling v. Union National Life Insurance Co.*, 900 F. Supp. 400, 405 (M.D. Ala. 1995)), but do not establish it to a legal certainty, as would be required in this case. Accordingly, this case is due to be remanded.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the plaintiff's motion to remand be and hereby is GRANTED. The Clerk of the Court is DIRECTED to take the actions necessary to remand this case to the Circuit Court of Lee County, Alabama.

Done this 8th day of January, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

**1.** **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

    (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2. **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

   (a) **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

   (b) **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

   (c) **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

   (d) **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

   (e) **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).